UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER DENINA CORPUZ,<br><br>Petitioner,<br><br>v.<br><br>SHERMAN CAMPBELL,<br><br>Respondent. | <br><br><br><br>Case No. 26-cv-10434<br><br>Honorable Robert J. White |

**ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Christopher Denina Corpuz petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2254 on the grounds that his sentence is illegal under Michigan law. (ECF No. 1, PageID.5). Corpuz is confined at the Gus Harrison Correctional Facility in Adrian, Michigan. For the reasons explained below, the Court will deny the petition for a writ of habeas corpus with prejudice.

## I. Background

Corpuz pleaded *nolo contendere* to one count of second-degree criminal sexual conduct and two counts of third-degree criminal sexual conduct. (*Id.* at PageID.1). As part of a plea agreement and sentencing, Corpuz agreed to a sentence of twelve-to-fifteen years in prison on the three counts. (*Id.* at PageID.26). The

Michigan Court of appeals affirmed Corpuz's conviction and sentence. (*Id.* at PageID.32).

Afterwards, Corpuz filed a post-conviction motion for relief from judgment with the trial judge. (*Id.* at PageID.19–31). Like here, Corpuz argued in his motion that his sentence was unlawful. (*Id.* at PageID.27). The trial judge denied the requested relief, (*id.* at PageID.33–34), and the Michigan Court of Appeals denied Corpuz leave to appeal the trial judge's decision, (*id.* at PageID.50). The Michigan Supreme Court effectively did the same by denying Corpuz's application to appeal the Court of Appeals' order. *People v. Corpuz*, 516 Mich. 880 (2024).

**II. Analysis**

A petitioner "must set forth facts that give rise to a cause of action under federal law" in his or her habeas petition. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Otherwise, federal courts may "dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999) (finding dismissal proper if it is plain from the face of the petition that the petitioner is not entitled to relief) (citing Rules Governing Section 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254). For example, if, after conducting its preliminary review, a federal court finds that the habeas petition raises only "legally frivolous claims," or alleges facts "that are palpably incredible or false," then it will dismiss the petition.

*Glover v. Rardin*, No. 2:26-cv-11343, 2026 WL 1161438, at *1 (E.D. Mich. Apr. 29, 2026).

Here, the Court finds that dismissal is appropriate because Corpuz's sentencing claim does not entitle him to relief. Corpuz argued that his sentence of twelve-to-fifteen years should be set aside because it violates the Michigan Supreme Court's holding in *People v. Tanner*, 387 Mich. 683 (1972), codified in Mich. Comp Laws § 769.34(2)(b). (ECF No. 1, PageID.16). Namely, Corpuz claimed that a minimum sentence cannot exceed two-thirds of the maximum sentence, and the fact that his does so is illegal, (*Id.*). *See Tanner*, 387 Mich. at 690 ("any sentence which provides for a minimum exceeding two-thirds of the maximum is improper as failing to comply with the indeterminate sentence act"). But Corpuz waived his right to relief by accepting a sentence of twelve-to-fifteen years as part of the plea agreement. *See United States v. Wright*, 841 Fed. App'x 940, 944 (6th Cir. 2021) (finding a defendant waives any challenge to the length of his sentence by explicitly agreeing to it); *see also Gill v. Berghuis*, No. 2:06-cv-10835, 2008 WL 1995096, at *2 (E.D. Mich. May 6, 2008) ("A defendant who consents to a specific sentence in a plea agreement and receives the exact sentence that he bargained for waives the right to challenge the sentence on appeal or collateral review.").

In addition, the Court cannot review Corpuz's claim because it involves a challenge to Michigan's sentencing laws and procedures. "[A] state court's

interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). That is, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). So "a habeas petitioner's claim that the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings." *Bridinger v. Berghuis*, 429 F. Supp. 2d 903, 908 (E.D. Mich. 2006). Thus, because Corpuz's claim challenged a Michigan state court's determination about Michigan's sentencing laws and procedures, he failed to state a claim cognizable on federal habeas review. *See Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (rejecting claim based on violation of petitioner's due process rights at sentencing "[t]o the extent that [the] argument [was] based upon an alleged violation of Michigan law"); *Mosby v. Campbell*, No. 2:18-cv-12653, 2024 WL 556649, at *10 (E.D. Mich. Feb. 12, 2024) (finding claim that sentence range violated *Tanner* was not cognizable on habeas review because "it [was] based on the alleged violation of a state law"); *Jemison v. Lafler*, No. 07-11591, 2008 WL 5448081, at *6 (E.D. Mich. Dec. 31, 2008) (finding petitioner's claim that sentence violated *Tanner* as not subject to federal habeas review because it raised only state law issues). Accordingly, for the reasons stated, Corpuz is not entitled to relief. The Court will therefore deny summarily the petition for a writ of habeas corpus.

In doing so, the Court will also deny Corpuz a certificate of appealability. To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The showing requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Corpuz did not make such a showing. Rather, Corpuz's claim fails on its face because he waived the right to challenge his sentence and because his claim is based entirely on a state court's interpretation of state law. Corpuz cannot demonstrate that reasonable jurists would disagree with the district court's assessment regarding any alleged denial of constitutional rights. Likewise, the Court will deny Corpuz leave to proceed in forma pauperis on appeal, as any appeal would be frivolous and not taken in good faith. *See* Fed. R. App. P. 24(a).

* * *

For the reasons given, the Court **ORDERS** that the petition for a writ of habeas corpus (ECF No. 1) is **DENIED WITH PREJUDICE**.

The Court **FURTHER ORDERS** that a certificate of appealability is **DENIED**.

The Court **FURTHER ORDERS** that Corpuz is **DENIED** leave to appeal in forma pauperis.

Dated: August 5, 2026

s/Robert J. White
Robert J. White
United States District Judge